DeMOSS, Circuit Judge,
dissenting:
I would hold that Crawford is retroactive because it creates a watershed rule of criminal procedure that affects the fundamental fairness and accuracy of a criminal proceeding. See Teague, 489 U.S. at 311-12, 109 S.Ct. 1060; see also Banks, 542 U.S. at 417, 124 S.Ct. 2504. The majority notes the aspects of Crawford, particularly its break from the prior Roberts line, that make it a new rule. I part ways from the majority’s conclusion that Crawford does not affect the fundamental fairness and accuracy of criminal proceedings. In my view, the Crawford majority opinion itself explains that the rule adopted therein affects fundamental fairness and accuracy of criminal proceedings, and as such, the rule satisfies the second Teague exception. The following quotation is just one of several establishing this point,
To be sure, the [Confrontation] Clause’s ultimate goal is to ensure reliability of *337 evidence, but it is a procedural rather than a substantive guarantee. It commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination. The Clause thus reflects a judgment, not only about the desirability of reliable evidence ... but about how reliability can best be determined.
Crawford, 541 U.S. at 61, 124 S.Ct. 1354.
Having declared the constitutional guarantee to protect the procedure deemed best-suited for the determination of a testimonial statement’s reliability as to the truth, Crawford itself forecloses the conclusion that the accuracy of criminal proceedings is not centrally affected by adherence to the rule announced. Furthermore, the Crawford majority makes clear that fundamental fairness is crippled — to say nothing of affected — by the absence of Crawford’s rule requiring confrontation, that is, “the only indicium of reliability sufficient to satisfy constitutional demands.” Id. at 69, 124 S.Ct. 1354. Without confrontation in such cases, “the likelihood of an accurate conviction is seriously diminished.” See Schriro, 542 U.S. at 352, 124 S.Ct. 2519 (citing Teague, 489 U.S. at 311, 109 S.Ct. 1060). As such, Crawford falls clearly within Teague’s second exception permitting retroactivity. Accordingly, the district court erred in concluding that Crawford is not retroactive.